People v Rankin (2020 NY Slip Op 01976)





People v Rankin


2020 NY Slip Op 01976


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


100 KA 15-00207

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANTE H. RANKIN, DEFENDANT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered January 23, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 18 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish defendant's intent to kill inasmuch as such intent " may be inferred from defendant's conduct as well as the circumstances surrounding the crime' " (People v Badger, 90 AD3d 1531, 1532 [4th Dept 2011], lv denied 18 NY3d 991 [2012]). In addition to certain statements of defendant from which the jury could infer that he intended to kill the victim, the People presented evidence that he was identified as the shooter by several witnesses, that he and the victim were members of rival gangs, and that he had several prior altercations with the victim, some of which involved firearms (see People v Chase, 158 AD3d 1233, 1235 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, County Court did not err in admitting in evidence a recorded jailhouse telephone call made by defendant. Inasmuch as he was informed of the monitoring and recording of his telephone calls while incarcerated, defendant had "no objectively reasonable constitutional expectation of privacy in the content of those calls" (People v Diaz, 33 NY3d 92, 95 [2019], cert denied — US &mdash, 140 S Ct 394 [2019]). Thus, the correctional facility could "record and monitor [his] calls, as well as share the recordings with law enforcement officials and prosecutors, without violating the Fourth Amendment" (id.; cf. People v Harrell, 87 AD2d 21, 26-27 [2d Dept 1982], affd 59 NY2d 620 [1983]).
We agree with defendant, however, that the sentence imposed, an indeterminate term of incarceration of 23 years to life, is unduly harsh and severe. Under the circumstances of this case, including that defendant was 18 years old at the time of the incident, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of incarceration of 18 years to life (see generally CPL 470.15 [6] [b]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court